UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ALEX JOHN JR., *et al*, | § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-214 |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss Plaintiffs' First Amended Complaint. Dkt. 17. Based on the pleadings; the motion, response, and reply; the applicable law; and the arguments of counsel, the motion to dismiss is granted. The reasons for the ruling are explained below.

### Background

Alex John, Jr. and Diana H. Mahannah John (together, "John") are owners of the real property and improvements located at 3019 Sea Pines Place, League City, Texas 77573 (the "Property"). In 2007, John executed a Home Equity Loan, Promissory Note, and Homestead Lien (together, the "Lien") with lender JPMorgan Chase Bank, N.A. ("Chase"). John alleges that after encountering financial difficulties, he entered into debt restructuring negotiations with Chase. According to John, Chase offered a loan modification in March 2016 that required John to submit multiple documents. John alleges that in the course of this modification agreement, Chase: (1) verbally instructed

him to cease making mortgage payments; and (2) promised to take no foreclosure action while in loan modification status.

John then received notice of foreclosure sale. In response, he contacted Chase and requested written proof that the sale had been canceled pursuant to the loan modification. According to John, a Chase representative promised to follow up on this request and failed to do so. John sued Chase in the 10th Judicial District Court of Galveston County, Texas. John's Petition for wrongful foreclosure asserted the following causes of action: (1) anticipatory breach of contract; (2) common law fraud; and (3) promissory estoppel. The court entered a Temporary Restraining Order and Order Setting Hearing for Temporary Injunction.

Prior to the temporary injunction hearing, Chase timely removed the case to this Court. John filed a First Amended Complaint that asserted the same causes of action contained in the state court petition. Dkt. 11. Chase filed the instant motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 17. John filed a Response. Dkt. 22. Chase filed a Reply. Dkt. 23.

## Standard of Review

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *See Ramming*, 281 F.3d at 161.

Rule 12(b)(6) motions to dismiss are "viewed with disfavor and [are] rarely granted." *Arnett v. Aetna Life Ins. Co.*, No. CV H-15-2723, 2016 WL 6883203, at *2 (S.D. Tex. Apr. 14, 2016) (citing *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011)). A complaint need not address every potential affirmative defense to survive a motion to dismiss. *Am. Surgical Assistants, Inc. v. Great W. Healthcare of Texas, Inc.*, No. CIV.A.H-09-0646, 2010 WL 565283, at *2 (S.D. Tex. Feb. 17, 2010) (citing *Hall v. Hodgkins*, 305 F. App'x 224, 228 n.1 (5th Cir.2008)). However, "[a]n exception to this rule may apply if the plaintiff has alleged facts plainly indicating that an affirmative defense does apply." *Id.* Further, "where facts alleged in Plaintiff's pleadings make clear that a claim is barred, dismissal under Rule 12(b) may be granted." *In re Dynegy, Inc. Securities Litigation*, 339 F. Supp. 2d 804, 819 (S.D. Tex. 2004).

## Discussion

### A. Anticipatory Repudiation, Common Law Fraud Claims

Chase argues that the statute of frauds bars John's anticipatory repudiation and common law fraud claims. John argues that the loan modification agreement is separate from the Lien and therefore the statute of frauds does not apply. According to John:

> [The loan modification agreement] is a totally separate agreement wherein Plaintiffs agreed to put forth the time and effort to prepare and submit a loan modification application, along with the supporting documents, and continue to exert the time and effort necessary in order to comply with Defendant's requests for further information (an affirmative act) in exchange for Defendant declining to take certain action (a negative act). This constitutes a separate stand-alone agreement in which there was a meeting of the minds and for which consideration was given. Therefore, the Statute of Frauds is not applicable in this instance.

Dkt. 22, p. 2. The parties agree that Texas law governs John's claims, which are before the Court pursuant to diversity of citizenship between the parties. The parties also agree that no written loan modification agreement exists. Under Texas law, "[a] loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." TEX. BUS. & COM. CODE ANN. § 26.02(b) (West 1999). Here, the Lien was for $200,000. Dkt. 1-1, p. 17. Further, John's argument that the alleged loan modification agreement does not fall under the statute of frauds finds no support in Fifth Circuit caselaw. *See, e.g., Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238-39 (5th Cir. 2014) ("The statute of frauds also applies to preclude enforcement of oral modifications to loan agreements.") (internal citations omitted) (unpublished).

Here, both the anticipatory repudiation and common law fraud claims would require the existence of the loan modification agreement. *See Thompson v. Bank of America N.A.*, 13 F. Supp. 3d 636, 650-51 (N.D. Tex. 2014) ("To establish a claim for anticipatory breach, Plaintiffs must show ... an absolute repudiation of the obligation ...."); *Lewis v. Bank of America, N.A.*, 343 F.3d 540, 546 (5th Cir. 2003) ("The elements of a fraudulent inducement claim [include making] a material representation ....") (citing *In re FirstMeritBank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001)).

The Court finds that the statute of frauds applies to the alleged oral modification agreement and precludes its enforcement. In the absence of such an agreement, John cannot prove an essential element of either anticipatory repudiation or common law fraud. Accordingly, John does not state claims for either anticipatory repudiation or common law fraud.

### B. Promissory Estoppel Claim

Unlike the first two claims, John's claim for promissory estoppel—which provides an exception to the statute of frauds—can survive the absence of a written agreement. Like anticipatory repudiation and common law fraud, estoppel requires the existence of an agreement. *See Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 240, 248 (5th Cir. 2015) ("A cause of action for promissory estoppel requires: (1) a promise by the defendant ....") (unpublished) (citing *"Moore" Burger, Inc. v Phillips Petroleum Co.*, 492 S.W.2d 934, 937 (Tex. 1972)). Under the estoppel exception, however, "there must have been a promise to sign a written agreement that had been prepared and would itself satisfy the statute of frauds." *Williams*, 560 F. App'x at 339 (citing *Nagle v. Nagle*, 633

S.W.2d 796, 800 (Tex. 1982)). Here, John alleges no such promise. Because he is unable to prove an element of this claim, John's promissory estoppel claim is likewise precluded by the statute of frauds.

## Conclusion

John's claims do not survive the statute of frauds. Consequently, the Court need not address Chase's arguments directed at the plausibility of John's pleadings. Because the statute of frauds bars relief regarding all of John's claims, he cannot state a claim upon which relief can be granted. Accordingly, Chase's motion to dismiss (Dkt. 17) is hereby **GRANTED**.

It is therefore **ORDERED** that John's claims against Chase are **DISMISSED**. Because further amendment would be futile, the dismissal of these claims are **with prejudice**.

SIGNED on June 20, 2017 at Galveston, Texas.

George C. Hanks, Jr.
United States District Judge